## UNITED STATES v. KLEIN.

(District Court, D. Rhode Island. July 23, 1925.)

No. 2495.

Costs ⬤⟳318—Clerk of federal District Court not entitled to exact fee on entry of oral plea of not guilty.

Clerk of federal District Court *held* not entitled, on entry of oral plea of not guilty, to exact fee of $5 under Act Feb. 11, 1925, § 3, but only to include such fee in costs in case of judgment of conviction, in view of Rev. St. § 974 (Comp. St. § 1615), subjecting defendant to payment of costs on conviction, and in view of Const. Amend. 6, involving right to deny accusations of guilt.

Prosecution by the United States against Frank Klein. On objection by defendant to clerk's demand for fee for entry of plea of not guilty. Objections sustained with directions to clerk.

Norman S. Case, U. S. Atty., of Providence, R. I.

Daniel T. Hagan, of Providence, R. I., for defendant.

BROWN, District Judge. The defendant, upon arraignment, having orally pleaded not guilty, the clerk demanded payment of a fee of $5. Defendant, by his counsel, objected on the ground that the demand is without authority of law. I am of the opinion that the objection must be sustained.

By Act Feb. 11, 1925, c. 204 (43 Stat. 857)—"An act to provide fees to be charged by clerks of the District Courts of the United States"—it is provided in section 3 as follows: "And provided further, that in any criminal case, upon the entering of a plea of not guilty by any defendant, there shall be charged and taxed in the costs of said case, a fee of $5.00 for each defendant entering such plea, but the clerk shall not be required to account for any such fee not collected by him."

The question arises whether, upon the entry of an oral plea of not guilty, the clerk is entitled to demand immediate payment of said fee of $5. The language, "shall be charged and taxed in the costs of said case," does not authorize a demand for immediate payment.

R. S. § 974 (Comp. St. § 1615), is as follows: "When judgment is rendered against the defendant in a prosecution for any fine or forfeiture incurred under a statute of the United States, he shall be subject to the payment of costs; and on every conviction for any other offense not capital, the court may, in its discretion, award that the defendant shall pay the costs of the prosecution."

I am of the opinion that there is no such inconsistency between the Act of February 11, 1925, in this respect and Rev. St. § 974, as to raise the implication of a repeal of the former statute which has expressed the long-standing rule that a defendant should be liable for costs of prosecution only upon conviction. A statutory provision, so manifestly in accordance with the presumption of innocence which attaches to every person accused of crime, and so inconsistent with the view that a fee should be charged for the oral denial of an accusation of crime, should not be held to be repealed except by express language compelling that conclusion. The right of the accused to a speedy and public trial, expressly secured by the Constitution in Amendment 6, involves the right to deny the accusation of guilt, and the imposition of a fee for the assertion of that right is in derogation of the right. It seems erroneous to regard the entry upon the minutes of the court of the fact that the defendant orally pleads not guilty as a service rendered to the party defendant by the clerk. Arraignment and plea are essential steps in the prosecution instituted by the government. The government must arraign the defendant, and the court must accord to him freely his constitutional right to assert his innocence and put himself upon the country for trial. The clerk's entry that the defendant pleads not guilty is a record of a fact essential to the right of the court to proceed to trial, and a service to the prosecutor rather than to the defendant.

While the great multiplication of criminal charges made through indictment or information might make it profitable to the United States to impose a tax of $5 upon every accusation of guilt, irrespective of the truth of such accusation, yet such a mode of securing revenue is inconsistent with the instruction which every judge is required to give to the jury, that the presumption of innocence attaches to the defendant until he confesses his guilt or is found guilty by a jury.

I am therefore of the opinion that, as the act of February 11th uses the language "there shall be charged and taxed in the costs of said case," and as Rev. St. § 974, defines when the cost of prosecution is to be paid by the defendant, the clerk has no right to demand payment of the fee until after judgment of guilt, when it will be included in the costs of prosecution. As the defendant is given no right to recover his costs in case of acquittal, as there is no reason for his paying the costs of prosecution if innocent, section 3 of the act would work a gross injustice if construed as imposing an immediate liability to a tax upon the assertion of a constitutional right, regardless of the existing statute, which is not repealed, and which establishes the rule that conviction is a necessary precedent to the defendant's liability for the costs of prosecution.

The clerk of the court is instructed in this, and in all like cases, to follow literally the instruction of the statute to charge and tax in the costs of the case a fee of $5, and is directed not to demand said fee until after judgment of conviction.